UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KENNETH W. TAYLOR                              CIVIL ACTION NO. 11-cv-0317

VERSUS                                         JUDGE HICKS

CITY OF SHREVEPORT, ET AL                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Kenneth Taylor ("Plaintiff") filed a complaint in February 2011 that alleged federal and state law claims against the City of Shreveport, Shreveport City Court, Clerk of Court Virginia Hester in her individual and official capacities, four City Court judges in their official capacities, and the City Marshal in his official capacity. Plaintiff's claims were based on allegations that he was erroneously arrested as a result of a warrant issued in the name of Plaintiff's nephew, who has the same name as Plaintiff but a different date of birth, social security number, address, and driver's license.

The Marshal and the City of Shreveport filed answers (Docs. 15 and 26), and the other defendants filed three motions to dismiss. One motion (Doc. 17) argued that the Shreveport City Court is not a juridical entity capable of being sued. A motion by the Clerk of Court (Doc. 19) and the four City Court judges (Doc. 21) attack the complaint on more substantive grounds. Plaintiff filed a memorandum in opposition that addressed the merits arguments but also asked that he be allowed to amend his complaint, and stated that he "serves notice that he is filing a motion to amend the complaint." About three months later, Plaintiff filed

his Motion to Amend Complaint (Doc. 29), which drew a memorandum in opposition from the Clerk of Court (but no other defendants). That motion is now before the court.

The proposed amended complaint removes as defendants three of the City Court judges. It includes claims against Judge Kelly, who allegedly signed the bench warrant at issue, in both his individual and official capacities. The proposed amended complaint also deletes the Shreveport City Court as a defendant and limits the claims against the City of Shreveport to state law causes of action. The only new defendant is Clerk Jane Doe, a fictitious person who takes the place of a generically described employee in the original complaint. Plaintiff has also made some amendments to his factual allegations in an effort to "fairly meet the motions to dismiss" filed by Judge Kelly and the Clerk of Court.

The Clerk of Court, although she says there are no significant differences between the original and amended complaints, nonetheless opposes the amendment. She does not offer any objection that the proposed amendment is untimely (no scheduling order has been issued) or that she would be prejudiced by the timing of the amendment. The essence of her objection is that the amendments to the substantive claims are insufficient to overcome the arguments raised in her motion to dismiss. She promises that the amendment, if allowed, will be met by a similar motion.

Plaintiff had the right to amend his complaint once, without leave of court, within 21 days after service of a responsive pleading or a Rule 12 motion, whichever was earlier. See Fed. R. Civ. Pro. 15(a)(1). Plaintiff did not take advantage of that opportunity, but nothing of significance has happened in the case since that period expired that would justify denying

leave to amend at this time. The current rule encourages a plaintiff with an allegedly deficient complaint who is met by a motion to dismiss to promptly amend and attempt to cure the perceived deficiencies. Plaintiff is attempting to do that, although he did not act with the promptness required to do so without leave of court. He could and should have acted more promptly, but no party has been prejudiced by the delay.

The court should freely give leave to amend when justice so requires, and its discretion to deny leave is limited at the early stages of a case. The court finds that the most reasonable exercise of its discretion under these circumstances is to afford leave to amend. Accordingly, the **Motion to Amend Complaint (Doc. 29)** is **granted**.

When the Clerk dockets the amended complaint, he may terminate as parties the City Court, Judge Lee Irvin, Judge Randy Collins, and Judge Pamela Lattier. Furthermore, the **Motion to Dismiss (Doc. 17)** that attacks the claims against the Shreveport City Court is **denied as moot** in light of the court's dismissal by way of the amendment.

Counsel for Judge Kelly and Clerk of Court Hester are directed to contact Judge Hicks' office to discuss whether they would prefer to address the new allegations in the amended complaint by (1) filing supplemental briefs in support of their motions to dismiss or (2) withdrawing their original motions to dismiss without prejudice and filing new motions to dismiss.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of October, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE