UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| KENNETH W. TAYLOR | CIVIL ACTION NO. 11-317 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (Record Document 21) filed by defendant Judge Charles W. Kelly, IV ("Judge Kelly") in his individual capacity and his official capacity as a Shreveport City Court Judge. For the reasons that follow, the motion is **GRANTED**.

**RELEVANT BACKGROUND**

On September 27, 2010, plaintiff Kenneth Taylor ("Taylor") was "arrested by a Shreveport police officer on a warrant erroneously issued against [Taylor]." (Record Document 33 at 3). According to the petition, the warrant should have been issued to Taylor's nephew, who shares his name. See id. Taylor told the officers it was a mistake but he was arrested and held in Shreveport City Jail until he was able to "bond out later that same night." (Record Document 33 at 4).

Taylor alleges in his petition that the Clerk of the Shreveport City Court issued the warrant using the name of Taylor and his identifying information relying on a computer data base. The clerk of court did not consult the actual "paper court record" that had Taylor's nephew's identifying information. (Record Document 33 at 5). "Had the court record concerning the case against the nephew been checked, the correct identifying information

in the warrant would have been in the name of the Plaintiff's nephew and the arrest of Plaintiff would have never happened." See id. Taylor alleges "none of the named Defendants herein had a policy or practice of using the original hard copy of the summons issued to a person ordered to appear for the purpose of inputting the correct identifying information for a bench warrant. Rather, the defendants had a policy or practice of using computer data base to find the information." See id.

Taylor further alleges that the Clerk of Shreveport City Court has a history of issuing warrants with the wrong information on them or issuing warrants when they should not have. (Record Document 33 at 6). "The error of issuing bench warrants with the wrong information on it has happened on a regular basis." See id. According to Taylor, these errors occur because the clerk brings the hard copy of the court file on each defendant into the courtroom, but, in drafting a warrant, instead of relying on this hard copy the clerk relies on a computer data bank without verifying information from the hard copy of the court file.

As a result of his arrest, Taylor has filed suit alleging a violation of his Fourth Amendment rights under 42 U.S.C. § 1983, alleging a violation of state law, and requesting an injunction. Judge Kelly has filed a motion to dismiss these claims against him in both his individual and official capacities.

## LAW AND ANALYSIS

**I.  Rule 12(b)(6)**

In deciding a Rule 12(b)(6) motion to dismiss, the district court must "accept all well-pleased facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Nonetheless, the plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face." Id., citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will exposer the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

## II.     Claims Against Judge Kelly in His Official Capacity

A reading of the Taylor's complaint shows that the claims at issue regard the failure of Judge Kelly, as a Shreveport City Court Judge, to institute a policy to protect against the issuance of erroneous warrants. If this were not the case, the only claim Taylor would have against Judge Kelly is for actually signing the warrant itself. Clearly, any action against Taylor for signing a warrant would be barred by judicial immunity.[1]

In order to survive this motion to dismiss, Taylor must be able to show that the actions Judge Kelly took are nonjudicial.[2] Burns v. Mayes, 369 Fed. Appx. 526, 530 (5th

---

[1]"It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Mays v. Sudderth, 97 F.3d 107, 110-111 (5th Cir. 1996) (citations omitted).

[2]The factors for "nonjudicial actions" are: "(I) whether the precise act complained of is a normal judicial function; (ii) whether the acts occurred in a courtroom or appropriate adjunct spaces as the judge's chambers; (iii) whether the controversy centered around a case pending before the court; and (iv) whether the acts arose directly out of a visit to the judge in his official capacity." Burns v. Mayes, 369 Fed. Appx. at 530.

Cir. 2010). Further, in addition to this barrier, Taylor must have pleaded facts to support his contention that Judge Kelly is a policy maker in the realm of issuing warrants and that Judge Kelly's issuance of a warrant constitutes a policy or custom.[3] "Only with respect to actions taken pursuant to his or her administrative role can a judge be said to institute municipal policy under Pembaur and Monell." Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).

Taylor has alleged that Judge Kelly "has policy making operational control over day to day operations of the clerk personnel who work in his courtroom and over the policy and practice in which citizens are identified in bench warrants issued by him." (Record Document 33 at 2). However, Taylor alleges that the warrant was issued by or on the behalf of Virginia Hester ("Hester"), the Clerk of Court.[4] Further, Taylor alleges that Hester is the "final decision maker and policy maker for procedures for effecting bench warrants out of Shreveport City Court." See id.

The Fifth Circuit has "emphasized that policymaking authority under Monell is more than discretion, and it is far more than the final say-so, as a matter of practice. The official must have the authority to define objectives and choose the means of achieving them, not

---

[3] Taylor must show that Judge Kelly's actions constitute either: "1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."Burns v. Mayes, 369 Fed. Appx. at 531.

[4] The Court has been informed of Virginia Hester's recent death. Her death does not affect this ruling.

merely the latitude to exercise discretion in pursuing objectives and employing means set by other agents -a latitude essential even to virtually ministerial tasks." Bigford v. Taylor, 834 F.2d 1213, 1221 (5th Cir. 1988).

Louisiana Code of Criminal Procedure article 18 states that "[a] court may adopt rules for the conduct of criminal proceedings before it, not in conflict with provisions of this Code or of other laws. When a court has more than one judge, its rules shall be adopted or amended by a majority of the judges thereof, sitting en banc." This is the only authority that Taylor can point to for Judge Kelly being a policy maker in the issuance of warrants. Following the reasoning of Bigford and the allegations of Taylor's own complaint, it seems clear that Hester, if anyone, and not Judge Kelly, may qualify as the policy maker in this instance. Therefore, in this instance, a claim against Judge Kelly, as a policy maker, cannot survive this motion to dismiss.

Similarly, Judge Kelly cannot be held liable under a theory of supervisor or vicarious liability. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, Texas, 245 F.3d 447 (5th Cir. 2001). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

In order to establish supervisor liability, the plaintiff must show that: "(1) the [defendant] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005).

In <u>Roberts</u>, the Fifth Circuit dealt with the liability of a chief of police when one of his officers shot and killed a motorist during an attempt to stop the motorist. "The standard applicable to failure to train allegations against supervisors is based on that for municipal liability. Thus, for a supervisor to be liable for failure to train, 'the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform.' In this inquiry, mere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." <u>See id</u>. at 293 (Citations omitted). "In addition, for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." <u>See id</u>.

As previously found, in this particular instance, Hester may qualify as the policy maker, but certainly not Judge Kelly. Therefore, Taylor cannot satisfy the second prong of this analysis as Judge Kelly's action or inaction has no "causal connection...between the failure to supervise or train and the violation of the plaintiff's rights." <u>Roberts v. City of Shreveport</u>, 397 F.3d at 292.

## II. Claims Against Judge Kelly in His Individual Capacity

As previously stated, the only action that Judge Kelly took was signing the warrant itself. This is clearly a judicial function; therefore, any cause of action arising out of signing the warrant is protected by judicial immunity. <u>See</u> <u>Mays v. Sudderth</u>, 97 F.3d at 110-111.

## III. Injunctive Relief

In his complaint, Taylor requests injunctive relief against all defendants. "[T]he Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that 'in any action brought against a judicial officer for an act or omission taken in such officer's

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable.' " Chisley v. DuFrense, 2010 WL 971801, *3 (E.D. La. 2010). Clearly, this case does not meet the Chisley criteria. No declaratory decree existed at the time of the warrant's issuance. Therefore, the request for an injunction against Judge Kelly is denied.

### IV. State Law Claims

Taylor alleges the state court claim of negligence. (Record Document 33 at 10). The alleged negligence is the issuance of the warrant that cause Taylor's arrest. Again, as stated previously, this act is protected by judicial immunity. See Burns v. Mayes, 369 Fed. Appx. 526.

### CONCLUSION

The Court finds that Judge Charles W. Kelly is not the policy maker with regards to the issuance of warrants. Further, the court finds that Judge Charles W. Kelly is not liable for any claims arising from the signing of the warrant at issue due to judicial immunity. Accordingly, Plaintiff Kenneth Taylor has failed to state a claim for which relief can be granted against Judge Charles W. Kelly. Thus, Hester's 12(b)(6) Motion to Dismiss (Record Document 21) is **GRANTED**.

An order consistent with the instant Order shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of March, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE