**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| KENNETH W. TAYLOR | CIVIL ACTION NO. 11-317 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (Record Document 19) filed by defendant Virginia Hester ("Hester") in her individual capacity and her official capacity as Clerk of the Shreveport City Court.[1] For the reasons that follow, the motion is **GRANTED** in part and **DENIED** in part.

## RELEVANT BACKGROUND

On September 27, 2010, plaintiff Kenneth Taylor ("Taylor") was "arrested by a Shreveport police officer on a warrant erroneously issued against [Taylor]." (Record Document 33 at 3). According to the petition, the warrant should have been issued to Taylor's nephew, who shares his name. See id. Taylor told the officers it was a mistake but he was arrested nonetheless and held in Shreveport City Jail until he was able to "bond out later that same night." (Record Document 33 at 4).

Taylor alleges in his petition that the Clerk of the Shreveport City Court issued the

[1]Hester passed away after the filing of this motion. The Court then granted a motion to substitute France Maniscalco Youngblood, the independent executrix of Hester's succession, for Hester in her individual capacity. (Record Document 47). As for Hester in her official capacity, Marilyn Smith, the acting Clerk of Court for the Shreveport City Court, is automatically substituted as a party. For the purposes of this motion, the Court will still refer to the defendant as "Hester."

warrant using Taylor's name and his identifying information obtained from a computer data base. The clerk of court did not consult the actual "paper court record" that had Taylor's nephew's identifying information. (Record Document 33 at 5). "Had the court record concerning the case against the nephew been checked, the correct identifying information in the warrant would have been in the name of the Plaintiff's nephew and the arrest of Plaintiff would have never happened." See id. Taylor alleges "none of the named Defendants herein had a policy or practice of using the original hard copy of the summons issued to a person ordered to appear for the purpose of inputting the correct identifying information for a bench warrant. Rather, the defendants had a policy or practice of using computer data base to find the information." See id.

Taylor further alleges that the Shreveport City Court has a history of issuing warrants with the wrong information on them or issuing warrants when they should not have been issued at all. (Record Document 33 at 6). "The error of issuing bench warrants with the wrong information on it has happened on a regular basis." See id. According to Taylor, these errors occur because the clerk in the courtroom brings the hard copy of the court file on each defendant into the courtroom, but, instead of relying on this hard copy, the clerk relies on a computer data bank without verifying information from the hard copy.

As a result of his arrest, Taylor has filed suit alleging a violation of his Fourth Amendment rights under 42 U.S.C. § 1983, alleging a violation of state law, and requesting an injunction. Hester has filed a motion to dismiss these claims against her in both her individual and official capacities.

## LAW AND ANALYSIS

### I. Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss, the district court must "accept all well-pleased facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Nonetheless, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id., citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will exposer the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

### II. Claims Against Hester in Her Official Capacity

Taylor does not claim that Hester issued the warrant personally. Rather, it is clear that Taylor is making a claim against Hester as a supervisory official.[2] "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, Texas, 245 F.3d 447 (5th Cir. 2001). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

---

[2]This is a key distinction because "Court clerks are immune from actions 'for damages arising from acts they are specifically required to do under court order or at a judge's discretion.' Clay v. Allen, 242 F.3d 679, 682 (5th Cir.2001)...Because [a clerk issues a] warrant at the direction of [a] justice of the peace, they are...protected by absolute immunity." Kastner v. Lawrence, 390 Fed.Appx. 311 (5th Cir. 2010).

In order to establish supervisor liability, the plaintiff must show that: "(1) the [defendant] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005).

In Roberts, the Fifth Circuit dealt with the liability of a chief of police when one of his officers shot and killed a motorist during an attempt to stop the motorist. "The standard applicable to failure to train allegations against supervisors is based on that for municipal liability. Thus, for a supervisor to be liable for failure to train, 'the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform.' In this inquiry, mere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." See id. at 293 (Citations omitted). "In addition, for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." See id.

Taylor states in his opposition to Hester's Motion to Dismiss that the data base used to draft warrants contains the names of all persons given a summons or ticket to appear in city court, which far exceeds the amount of names in active cases. Therefore, Taylor alleges, without the "safeguard" of checking the hard copy record instead of simply relying on the data base, mistakes like the one at issue are likely. Therefore, Taylor appears to have met his burden in a motion to dismiss to satisfy the first two prongs of the supervisor liability under §1983. Taken as true for the purposes of this motion, a reasonable juror could conclude that Hester failed to properly train an employee to double check the

computer data base with the hard copy of the court records. Secondly, one could reasonably conclude that the failure to institute this safeguard caused the warrant to be erroneously issued against Taylor. The struggle comes when analyzing the third prong, that of deliberate indifference.

"[T]o prove deliberate indifference, a plaintiff must demonstrate 'at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation.' " Roberts v. City of Shreveport, 397 F.3d at 292. Taylor alleges in his complaint that "[i]nstances of such events have been reported to the city marshal and to city officials who handled technical problems with the computer data bank." (Record Document 33 at 6). Further, Taylor states that "[t]he error of issuing bench warrants with the wrong information on it has happened on a regular basis." See id. While there are not many facts to back this proposition, it does appear that this statement, when taken as true, does prevent dismissal of this claim at this time. If, in fact, Hester and the Clerk's office had knowledge of the flaws in the computer data bank and issued warrants with wrong information on them on a regular basis, Taylor may have a claim under §1983.

Hester argues that many of Taylor's allegations are too conclusory to survive its motion. A plaintiff "need only provide 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citations omitted). The Court finds that for the purposes of a motion to dismiss, the allegations regarding the clerk of court's pattern of issuing warrants are barely specific enough to survive and allow for discovery. However, it is well settled that in a motion for summary judgment, a plaintiff cannot rely on the allegations in his pleadings. Therefore, while dismissal is inappropriate at this point in the

proceedings, the Court makes no finding as to the likelihood of any claims surviving beyond this motion.

## II. Claims Against Hester in Her Individual Capacity

As previously stated, Taylor does not allege anywhere in his complaint that Hester personally issued or prepared the warrant in question. "Plaintiffs suing governmental officials in their individual capacities, however, must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusory assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." Oliver v. Scott, 276 F.3d at 741. "Personal involvement is an essential element of a civil rights cause of action." Rizzo v. Goode, 423 U.S. 362, 370 (1976). Since Taylor's only claim against Hester is in her capacity as the supervisor of the deputy clerks of court, all claims against her, individually, are dismissed.

## III. Injunctive Relief

In his complaint, Taylor requests injunctive relief against Hester and the clerk of court. Taylor claims that he will suffer irreparable injury if defendants are not "made to retract and correct its records and made to inform other third parties who have relied on those records." (Record Document 33 at 12). Further, Taylor claims an injunction should be granted "to implement safeguards to prevent the erroneous issuance of another bench warrant." See id. Taylor fails to address the issue of an injunction in any of his briefings to the Court. Therefore, the Court takes the claim for injunctive relief as abandoned. See Lott v. Kenedy Independent School District, 2009 WL 2843367, *2 n. 23 (W.D. Tex. 2009).

Notwithstanding, as previously stated by Court in this matter, the Federal Courts Improvement Act of 1996 precludes declaratory relief in this instance. See Record

Document 44. Further, as to any declaratory relief regarding the issuance of warrants, Hester and the clerk of court are acting at the order of a judge to issue warrants and "are entitled to the shield of absolute immunity with respect to any claim for...injunctive relief." Abron v. Clerk of Court, 2011 WL 4006602, *4 (W.D. La. 2011). Therefore, the request for an injunction against Hester is dismissed.

**IV. State Law Claims**

Taylor also brings state law claims based on negligence because the defendants "failed to properly identify the correct person named in the warrant when issued." (Record Document 33 at 10). While Hester does not concede a negligence claim, she does seek to have the state law claims against her "limited to the amount of the bond required to be posted pursuant to LSA-R.S. 13:1886." The purpose of a motion to dismiss under Rule 12 (b)(6) is simply to determine if the plaintiff has stated a claim for which relief can be granted. Therefore, this portion of Hester's motion is not proper in a motion to dismiss.

**CONCLUSION**

The Court finds that Plaintiff Kenneth Taylor has stated a claim for which relief can be granted for all claims against Virginia Hester in her official capacity and for the claims brought under state law. However, Taylor has failed to state a claim for which relief can be granted in regard to all claims brought against Hester in her individual capacity and in regards to Taylor's request for an injunction against Hester and the Clerk of the Shreveport City Court.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule

12(b)(6) (Record Document 19) filed by defendant Virginia Hester in her official and individual capacity be and is hereby **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that all of Plaintiff Kenneth W. Taylor's claims against Virginia Hester in her individual capacity and Taylor's claim for injunctive relief be and are hereby **DISMISSED**.

An order consistent with the instant Order shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of March, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE